CALIFORNIA FIG–SYRUP CO. v. WORDEN et al.

(Circuit Court, N. D. California. June 5, 1899.)

No. 12,378.

UNFAIR COMPETITION—RIGHT TO RELIEF—CALIFORNIA FIG SYRUP.

The California Fig-Syrup Company is entitled to protection from unfair competition in its business in the production and sale as a medicine of the compound known as "Syrup of Figs;" irrespective of any question of trade-mark, and to an injunction against the production and sale of a similar article put up in such form that it can be sold to an ordinary purchaser as the preparation of such company. The fact that the preparation may not, as a medicine, accomplish all that is claimed for it, is not sufficient evidence of fraud to deprive the company of the right to relief in a court of equity.[1]

This was a suit in equity for infringement of trade-mark, and unfair competition. On final hearing.

Warren Olney, for complainant.

Purcell Rowe and John H. Miller, for respondents.

[1] As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and supplementary thereto, under same title, note to Lare v. Harper, 30 C. C. A. 376.

MORROW, Circuit Judge (orally). This case is now before the court, upon the pleadings and the evidence, for a final judgment. When the case was heard upon an application for a preliminary injunction, the court considered all matters that were then presented, and awarded the preliminary injunction, upon the ground that the complainant had made such a showing by the pleadings and affidavits that it was entitled to an injunction against the sales of Fig Syrup by the defendant. 86 Fed. 212. The case, as now presented, supports the allegations of the bill of complaint, and, in my judgment, presents a controversy not very different from the one considered by the court upon the application for the injunction. There is some little difference in the arguments and briefs of counsel. A little more of an effort is made by the respondents to impeach the equities of the bill of complaint, and the language of the briefs is a little more vigorous than it was in the preliminary hearing. The complainant is now charged with deception, somewhat more specifically than before, in the character of the article for which it seeks protection; but I do not discover any different principles involved in the determination of the issues than were originally presented to, and considered by, the court.

The complainant produces an article called a "fig syrup," or "syrup of figs," and from the evidence it appears that it originated the article or preparation produced, and extensively sold under that name. It appears from the testimony that the respondents have made an article of similar character, and have put it up in bottles under substantially the same name as complainant's preparation. There are some differences in the matter of labels and the appearance of the bottles, but they are not such differences as would attract the attention of the ordinary purchaser; that is to say, if a person desired to purchase a bottle of California Fig Syrup, or Syrup of Figs, prepared by the complainant, there would be no difficulty in selling to such a purchaser the article prepared by the respondents. Under the law as it has been recently construed by the courts, the complainant in such a case is entitled to be protected from such an unfair competition. The courts have been advancing with respect to this question of protecting persons in their legitimate business enterprises from the appropriation of others. They will restrain persons who are engaged in what is called "unfair competition in trade," and will prevent them from appropriating the fruits of skill and enterprise of others. "Irrespective of any question of trade-marks, rival manufacturers have no right, by imitative devices, to beguile the public into buying their wares under the impression that they are buying those of their rivals." Coats v. Thread Co., 149 U. S. 562, 13 Sup. Ct. 966.

The respondents contend that this case involves only a question of trade-mark. But on the part of the complainant it is claimed that this is not merely a trade-mark case, but that it goes further, and involves unfair competition, wherein the respondents hope to trade upon the reputation of the complainant's preparation. The cases where this article has been in controversy in other circuits appear to have turned upon the question of whether or not there was

an infringement of the complainant's trade-mark. But in this circuit the circuit court of appeals, in the case of Improved Fig-Syrup Co. v. California Fig-Syrup Co., 4 C. C. A. 264, 54 Fed. 175, has, in my judgment, determined that this complainant is entitled to be protected, not only in its trade-mark, but in its business, in the production and sale of this particular article as a liquid laxative medicine, and that the production by any other person of a compound that could be sold to the ordinary purchaser as complainant's compound is an infringement of the business of the complainant in the sale of the article. I so construe the opinion of the circuit court of appeals in the case cited, and I feel that I must follow that construction in entering a final judgment in this case. I may say further that I am satisfied with that opinion. It seems to me to be supported by recent cases in the Seventh circuit, as well as in England, where articles not more meritorious than this article, in the exclusive right claimed for a name, have been fully protected by the courts from unfair competition in the sale of articles under similar names.

It is said with much earnestness on behalf of the respondents in this case that the complainant's claim for its California Fig Syrup, that it permanently overcomes habitual constipation, is not justified by the evidence, and for that reason the claim should be treated as fraudulent or deceptive, and that, therefore, the complainant has not come into a court of equity with clean hands. The effect of any medicine to permanently relieve constipation is, as I understand it, largely a matter dependent upon the constitution and habits of the person treated. It is not an absolute fact that any medicine permanently relieves the disorder. The practice of medicine differs in this respect from the practice of surgery. In surgery, when a limb is cut off or a tumor removed, the effect is positive and certain, but medicine is administered to assist nature in regaining its normal condition. I do not understand that medicine alone produces a permanent cure in such ailments as pertain to the natural functions. It is rather that medicine assists in securing relief. And, while a person afflicted with permanent or chronic constipation could probably not be cured by merely taking Fig Syrup, neither could he be by taking any of the other preparations mentioned in the testimony of the physicians. These remedies are intended to assist nature in removing disorder from the system, and that is all that can be said of any of them. It follows that the objection urged by the respondents, that complainant's preparation does not produce the effect claimed for it, is not, under the circumstances, an objection that can be entertained as establishing the complainant's preparation as fraudulent and deceptive. It may not possess all the virtues claimed for it, but I am not prepared to say that the complainant is engaged in preparing and selling an article under the cover of false and fraudulent representations. In my opinion, it is as much entitled to the protection of the court as the "Hunyadi Janos water" in Saxlehner v. Apollinaris Co. [1897] 1 Ch. 893, 13 Times Law Rep. 258; the "Red Cross plaster" in Johnson & Johnson v. Bauer & Black, 27 C. C. A. 374, 82 Fed. 662; "Baker's chocolate" in Walter Baker & Co. v. Sanders, 26 C. C. A. 220, 80 Fed.

889; or the "Chicago waists" in Gage-Downs Co. v. Featherbone Corset Co., 83 Fed. 213. I shall therefore direct that an interlocutory decree be entered in this case in favor of the complainant, and the usual reference to the master.